IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY B. VOLIVA,       )
                               )
      Petitioner,          )
                               )
v.                             )         Civil Action No. 3:25-cv-636–HEH
                               )
CHADWICK S. DOTSON,     )
                               )
      Respondent.       )

## MEMORANDUM OPINION
### (Dismissing 28 U.S.C. § 2254 Petition)

Anthony B. Voliva, a former Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging the revocation of his probation and imposition of a two-year suspended sentence in the Circuit Court for the City of Virginia Beach, Virginia ("Circuit Court"). (*Id.* at 1.) Voliva argues that he is entitled to relief on the following ground:[1]

> Claim One: "Trial court did not have authority to revoke suspended sentence and impose active prison time. Because any period of suspension must be measured from the date of the entry of the original sentencing order, Petitioner's 2015 4-year period of suspension expired in 2019. Two years before Petitioner committed any new offenses. The trial court did not comply with VA Code 19.2-306 when he chose not to measure the period of suspension from the original sentencing order which is required by law. Therefore, Petitioner is unlawfully incarcerated." (*Id.* at 5.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Voliva's submissions.

Respondent has moved to dismiss on the grounds that Voliva has failed to exhaust his state court remedies and that his sole claim is not cognizable on federal habeas. As explained below, the Motion to Dismiss (ECF No. 7) will be GRANTED, and the § 2254 Petition (ECF No. 1) will be DENIED.

## I.    PROCEDURAL HISTORY

On June 16, 2015, the Circuit Court found Voliva guilty of impersonating a law enforcement officer, second or subsequent offense, and on September 24, 2015, sentenced him to four years of imprisonment with all but time served suspended. (ECF No. 6-3, at 25.) The suspended sentence was conditioned on four years of good behavior. (*Id.*) In the ensuing years, Voliva was convicted of arson, statutory burglary, and twice of stalking, and had his suspended sentences revoked and re-imposed several times. (*Id.*) Relevant here, on September 9, 2024, the Circuit Court found that Voliva had once again violated his terms of supervised release. (*Id.*) The Circuit Court revoked and re-suspended all but two years of the unserved portion of his sentence originally imposed on September 24, 2015. (*Id.*) Voliva, by counsel, noted an appeal to the Court of Appeals of Virginia. (ECF No. 6-1, at 4.) Voliva raised an argument in the Court of Appeals of Virginia similar to Claim One of his § 2254 Petition currently pending before the Court. (*See* ECF No. 6-2, at 2.)

Voliva, simultaneous to his counseled direct appeal, filed a *pro se* Petition for Writ of Habeas Corpus in the Supreme Court of Virginia. (ECF No. 6-3, at 7–8.) On June 30, 2025, the Supreme Court of Virginia noted that his direct appeal raising the same claim as in his habeas petition was pending in the Court of Appeals of Virginia and found that

the claim was not cognizable in habeas corpus. (*Id.* at 26–27.) Since the filing of the

parties' briefs, on December 9, 2025, the Court of Appeals of Virginia affirmed the

Circuit Court.[2] Voliva appealed on February 20, 2026, and his appeal remains pending in

the Supreme Court of Virginia.[3]

Respondent correctly asserts that Voliva has not exhausted his state court remedies

for Claim One because his appeal remains pending in the Supreme Court of Virginia.[4]

However, the Court need not engage in that analysis, because Voliva's claim is not

cognizable in federal habeas.

## II.    ANALYSIS

In order to obtain federal habeas relief, at a minimum, a petitioner must

demonstrate that he is "in custody in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. § 2254(a). In Voliva's sole claim, he faults the Circuit

Court for allegedly misapplying state law in arriving at the revocation sentence it deemed

---

[2] *See https://www.vacourts.gov/caseinfo/home*, select "Court of Appeals of Virginia Case Information," follow "ACMS-CAV," select "Appellant/Petitioner," type "Voliva, Anthony" in box for "Name," and follow "Search" (last visited April 14, 2026).

[3] *See https://www.vacourts.gov/caseinfo/home*, select "Supreme Court of Virginia Case Information," follow "ACMS-CAV," select "Appellant/Petitioner," type "Voliva, Anthony" in box for "Name," and follow "Search" (last visited April 14, 2026).

[4] Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

3

appropriate. Voliva identifies no constitutional violation or violation of federal law but instead challenges the Circuit Court's application of state law. However, the Circuit Court's alleged error in fashioning his revocation sentence on state law grounds provides no basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citing cases for the proposition that "federal habeas corpus relief does not lie for errors of state law"). Because Claim One challenges the propriety of the Circuit Court's determination of an appropriate sentence on state law grounds, it states no claim for federal habeas relief.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 7) will be granted. Voliva's § 2254 Petition (ECF No. 1) will be denied. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: April 21, 2026
Richmond, Virginia

4